# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Rebecca L. Bedser Drake, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 5:22-4119-RMG |
| vs. ) | |
| ) | |
| Kilolo Kijakazi, Acting Commissioner ) | |
| of Social Security, ) | **ORDER** |
| ) | |
| Defendant. ) | |
| _____ ) | |

Plaintiff brought this action pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3) seeking judicial review of the final decision of the Commissioner of Social Security denying her claim for Supplemental Security Income ("SSI"). In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 DSC, this matter was referred to a United States Magistrate Judge for pre-trial handling. The Magistrate Judge issued a Report and Recommendation ("R & R") on December 12, 2023, recommending that the Commissioner's decision be reversed and remanded to the agency for further review because the Administrative Law Judge ("ALJ") failed to appropriately weigh and consider the report of a Physical Work Performance Evaluation conducted by Sloan Calvert, a licensed physical therapist who holds a Doctor of Physical Therapy degree. (Dkt. No. 14). The parties were advised of their right to file objections to the R & R within 14 days of the date of service and that a failure to file objections would result in limited clear error review and the waiver of the right to appeal from the order of the District Court. (Dkt. No. 14-1). No party filed any objections to the R & R.

## Legal Standard

-1-

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge. 28 U.S.C. § 636(b)(1).

The role of the federal judiciary in the administrative scheme established by the Social Security Act is a limited one. The Act provides that the "findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). "Substantial evidence has been defined innumerable times as more than a scintilla, but less than preponderance." *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964). This standard precludes *de novo* review of the factual circumstances that substitutes the Court's findings of fact for those of the Commissioner. *Vitek v. Finch*, 438 F.2d 1157, 1157 (4th Cir. 1971).

Although the federal court's review role is a limited one, "it does not follow, however, that the findings of the administrative agency are to be mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative action." *Flack v. Cohen*, 413 F.2d 278, 279 (4th Cir. 1969). Further, the Commissioner's findings of fact are not binding if they were based upon the application of an improper legal standard. *Coffman v. Bowen*, 829 F.2d 514, 519 (4th Cir. 1987).

**Discussion**

It is important at the outset to recognize the narrow differences between the findings of the ALJ and the position of Plaintiff regarding her residual functional capacity ("RFC"). The ALJ found that Plaintiff suffered from a number of severe impairments, including "undefined polyneuropathy provisionally diagnosed as stiff man's syndrome," degenerative disc disease of the lumbar spine, Type II diabetes, and "carpal tunnel syndrome of the right upper extremity." (Dkt. No. 8-2 at 21-22). Despite these multiple severe impairments, the ALJ found that Plaintiff retained the residual functional capacity to perform less than the full scope of sedentary work. (*Id.* at 25). "An RFC less than the full range of sedentary work reflects very serious limitations resulting from an individual's medical impairment(s) and is expected to be relatively rare." SSR 96-9P, 1996 WL 374185 at *1. In fact, an RFC that is less than the full scope of sedentary work is the lowest level of performance in which a claimant is not deemed disabled under the Social Security Act. Plaintiff argues, to the contrary, that her multiple severe impairments render her disabled under the Social Security Act.

To avoid a finding that Plaintiff was disabled, the ALJ found it necessary to discount the results of the Physical Work Performance Evaluation conducted by PT Sloan Calvert. Calvert's findings were based on over three hours of testing of Plaintiff's dynamic strength, position tolerance, and mobility tolerance. Calvert found that Plaintiff could not perform the full range of sedentary work because of her inability to tolerate any floor to waist lifting and two hand carrying of items. (Dkt. No. 8-7 at 164-167). These findings are significant because a basic element of sedentary work "involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools." 20 C.F.R. § 416.967(a). Calvert further found in this portion of the evaluation that the "client participated fully in all

tasks" and had 0% self-limiting behavior. (Dkt. No. 8-7 at 164). Further, as the Magistrate Judge noted, the Calvert testing was "the only examining professional who tested Plaintiff's ability to lift and carry." (Dkt. No. 14 at 21).

The ALJ was dismissive of Calvert's findings, indicating that there were "inconsistencies in the report." (Dkt. No. 8-2 at 30). This included the fact that in testing Plaintiff's grip strength Calvert found "moderate evidence of low effort and inconsistent behavior." (Dkt. No. 8-7 at 169). Although not explicit, the ALJ appears to conclude that Plaintiff had exercised low effort in all aspects of testing, despite the clear and unambiguous finding of Calvert that Plaintiff fully participated in all aspects of the lifting tests and had no self-limiting behavior. (*Id.* at 164). Any finding by the ALJ that Plaintiff exercised low effort or inconsistent behavior in the lifting tests performed by Calvert is not supported by substantial evidence.

The ALJ further disputed Calvert's finding that "overall client seemed very limited with the right side of her body." This was based on Calvert's observation that Plaintiff "had decreased strength in her [right] arm and leg and did not clear her [right] foot during swing phase of gait causing her right foot to drag the ground several times. Demonstrated very poor balance with balance testing as well with ambulation and carrying activities." (*Id.* at 168). The ALJ contends these observations by Calvert were not consistent with his other findings in the evaluation or with the notes of Plaintiff's treating doctor. (Dkt. No. 8-2 at 30).

Calvert's observations after three hours of testing Plaintiff by a trained physical therapist, using a validated evaluation instrument, are entitled to appropriate weight and consideration as an "other source" that may "be based on special knowledge of the individual and may provide insight into the severity of the impairment(s) and how it affects the individual's ability to

function." SSR 06-3P, 2006 WL 2329939 at *2 (2006). This is particularly true since the Calvert evaluation is the only comprehensive assessment of Plaintiff's ability to lift in the record. Instead, the ALJ relies on the findings of two chart reviewers who concluded that Plaintiff could lift 10 pounds frequently and 20 pounds occasionally but provided no documentation in the record to back up these findings and had no clinical involvement with Plaintiff. (Dkt. No. 8-3 at 11-12, 33)

The Court agrees with the astute comments of the Magistrate Judge that the ALJ failed to seriously consider the Calvert findings, reflected by the fact that the vocational expert was not asked to assess the impact of the Calvert lifting limitations on Plaintiff's ability to obtain employment in the national economy. Further, the Court concurs in the Magistrate Judge's statement that the ALJ's inappropriately discounted Calvert's findings. (Dkt. No. 14 at 22). The Court does not, however, concur with the Magistrate Judge's finding that PT Calvert is an "acceptable medical source" (Dkt. No. 14 at 13) since the it has been widely held that physical therapists fall into the "other source" category. SSR 06-03P, 2006 WL 2329939 (2006); *Craig v. Chater*, 76 F.3d 585, 590 (4th Cir. 1996).

## Conclusion

Based on the foregoing, the Court **ADOPTS** the R & R of the Magistrate Judge as the order of the Court (except for the finding that a physical therapist is an "acceptable medical source"), **REVERSES** the decision of the Commissioner pursuant to Sentence Four of 42 U.S.C. § 405(g), and **REMANDS** the matter to the agency for further proceedings consistent with this order.

**AND IT IS SO ORDERED.**

                                                <u>s/ Richard Mark Gergel</u>
                                                Richard Mark Gergel
                                                United States District Judge

Charleston, South Carolina
January 3, 2024